UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KAREN VICK,<br><br>                          Plaintiff,<br>v.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, *et al.*,<br><br>                        Defendants. | Case No. 3:19-cv-00070-MMD-CBC<br><br>ORDER |

This case comes before the Court through Defendant Garrison Property and Casualty Insurance Company's Petition for Removal. (ECF No. 1.) Plaintiff Karen Vick filed this action in the Second Judicial District Court in Washoe County, Nevada, after Defendant allegedly failed to adequately reimburse her for repair and remediation costs for her property incurred from water damage following a snowy winter. (ECF No. 1-1 at 3-4.) Plaintiff asserts claims of breach of contract; violation of statutory duties; and declaratory relief. (*Id.* at 4-6.)

Defendant removed the action on the basis of 28 U.S.C. § 1332. (ECF No. 1 at 2.) Based on the Court's review of the petition, questions exist as to whether the Court has jurisdiction to hear this claim. *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). Defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007).

The Complaint seeks general damages in excess of $10,000, special damages in an unspecified amount, attorneys' fees, pre-judgement interest, and punitive damages.

(ECF No. 1-1 at 5-6.) Defendant offers an unpersuasive explanation of how the amount in controversy exceeds $75,000 grounded on an inference from a report attached to Plaintiff's complaint—which contains no dollar amounts (ECF No. 1-1 at 10-14)—that "the likely repair costs are in the high five figure range." (*See* ECF No. 1 at 3.) Defendant then notes that Plaintiff also seeks punitive damages and attorneys' fees. (*Id.*) The Court questions whether Defendant has met its burden of demonstrating an adequate amount in controversy.

For these reasons, Defendant will be directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Plaintiff may file a response pursuant to Local Rule 7-2.

It is therefore ordered that, within fifteen days from the entry of this order, Defendant must show cause in writing why this case should not be remanded for lack of subject matter jurisdiction.

DATED THIS 8th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE