UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KAREN VICK,

Plaintiffs,

v.

GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, *et al.*,

Defendants.

Case No. 3:19-cv-00070-MMD-CBC

ORDER

## I. SUMMARY

Plaintiff Karen Vick sued her insurer, Defendant Garrison Property and Casualty Insurance Company, in an attempt to force it to cover the cost of repairing the roof of a home she owns in Incline Village, Nevada, which was damaged by snow and ice during the snowy winter of 2016-2017—leading to leaks and water damage. (ECF No. 1-1.) Defendant removed based on diversity jurisdiction. (ECF No. 1.) The Court issued an order to show cause why this action should not be remanded for lack of subject matter jurisdiction on February 8, 2019.[1] (ECF No. 6.) Because Defendant has failed to meet its preponderance burden to show the amount in controversy requirement is satisfied, and as explained below, the Court will remand this action.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would

---

[1]The Court has reviewed the parties' responses. (ECF Nos. 8, 10.)

have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Where, as here, it is not facially evident from the Complaint that $75,000 was in controversy at the time of removal, a defendant must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under the preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *See id.* at 1090-91 (citation omitted).

**III.    DISCUSSION**

The Court must reject diversity jurisdiction here because there is at least some doubt as to Defendant's right of removal in the first instance. *See Gaus*, 980 F.2d at 566. Defendant proposes the Court use a formula derived from *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) to calculate the amount in controversy. (ECF No. 10 at 2, 7.) Defendant argues that applying that formula to the bid Plaintiff received to repair her roof ($29,712), and accounting for the fact Plaintiff seeks punitive damages and attorneys' fees, results in "a total of $63,188 in controversy <u>before</u> quantifying the property

2

damage caused by the ongoing water intrusion." (*Id.* at 7.) Defendant goes on to argue, "[a] mere $6,000 in property damage as a result of the current water leaks would exceed the amount in controversy requirement under the Guglielmino method." (*Id.* (footnote omitted).) "It is nearly inconceivable that the extensive leakages described by Plaintiff have not caused $6,000 in property damage." (*Id.*) Plaintiff counters the amount in controversy requirement is not satisfied because she does not claim damages in excess of $75,000: Plaintiff got a bid for $29,712 to repair her roof, and even adding potential alleged statutory and punitive damages, and attorneys' fees, her claimed damages do not sum to an amount exceeding $75,000. (ECF Nos. 8, 8-1, 8-2.)

The Court agrees with Plaintiff. Even using Defendant's proffered *Guglielmino* method, Defendant can only arrive at an amount in controversy of $63,188. (ECF No. 10 at 7.) That is not enough. Further, Defendant offers nothing beyond speculation to support its assertion that the alleged ongoing leaks in Plaintiff's roof will cost more than $6,000 to repair. Regardless, Defendant's speculative argument about the cost to repair ongoing leaks fails on its own terms because adding $6,001 (more than $6,000) to $63,188 sums to $69,189. That is less than the required $75,000. *See* 28 U.S.C. § 1332(a). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090; *see also Lazar v. Csaa Fire & Cas. Ins. Co.*, Case No. 2:18-cv-01374-MMD-VCF, 2018 WL 4778037, at *2 (D. Nev. Oct. 3, 2018) (remanding insurance case where Defendant failed to establish under preponderance standard that amount in controversy requirement was satisfied); *Pura v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:18-cv-01162-MMD-NJK, 2018 WL 3649022, at *2 (D. Nev. Aug. 1, 2018) (same).

Accordingly, the Court will remand this action for lack of subject matter jurisdiction.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

This removal was improper because the amount in controversy falls short. The Clerk of Court is directed to remand this action to the Second Judicial District Court for the State of Nevada in and for the County of Washoe, and close this case.

DATED THIS 12th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE